UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMMY J. RILEY and BARBARA J. RILEY,

        Plaintiffs,

vs.                                              Case No. 3:10-cv-644-J-34MCR

JOHN H. RUTHERFORD, as Sheriff of Duval
County, in his individual and official capacity, et
al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Stay Discovery (Doc. 50) filed October 13, 2010. Defendants, Peter J. Dearing, Angela B. Corey, and John H. Rutherford, request an Order staying all discovery, including the filing of a case management report, until the Court rules on the pending motions to dismiss. (Docs. 21, 27, 50).[1]

Federal Rule of Civil Procedure 26(b)(1) recognizes that trial courts have the authority to limit the scope of discovery by court order. Federal courts also have the broad discretion to stay proceedings as part of their inherent authority to control their docket. Clinton v. Jones, 520 U.S. 681, 706 (1997). The Eleventh Circuit has held that

---

[1] Pursuant to Rule 3.01(g), Middle District of Florida, Defendants have attempted to confer with *pro se* Plaintiffs to determine whether they object to the granting of this motion. To date, Plaintiffs have not responded. See (Doc. 50, p. 4; Doc. 50-C). However, this Court will proceed in ruling as Plaintiffs' responses are unnecessary and would not change the Court's analysis in this regard.

-1-

facial challenges to the legal sufficienty of a complaint in a dispositive motion to dismiss should be resolved before discovery begins.  Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1292 (11th. Cir. 2005); see also Moore v. Potter, 141 Fed. Appx. 803, 2005 WL 1600194 (11th Cir. 2005) (upholding the staying of discovery until ruling on the defendants motion to dismiss).  Additionally, courts in this circuit have granted such motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims ... potentially restricting the scope of discovery significantly."  United States v. Real Prop., 2009 U.S. Dist. LEXIS 53997, 2009 WL 1834149, at *1-2 (S.D. Ga. June 25, 2009); White v. Georgia, 2007 U.S. Dist. LEXIS 79290, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007).  Moreover, staying discovery is warranted when a government official raises an immunity defense.  Harlow v. Fitzgerald, 457 U.S. (1982); see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (stating "such pretrial matters as discovery are to be avoided if possible, as inquires of this kind can be peculiarly disruptive of effective government").

     Here, Plaintiffs are suing a sitting judge, a state attorney, a sheriff, and a designated a guardian, in connection with a guardianship proceeding and issuance of an arrest warrant.  (Doc. 1).  Currently, there are two dispositive motions to dismiss pending before the Court.  (Docs. 21, 27).  Therefore, the undersigned finds the issuance of a stay in the instant case is appropriate pursuant to both Rule 26 of the Federal Rules of Civil Procedure and its inherent authority to manage cases pending before it.

     Accordingly, after due consideration, it is

**ORDERED:**

Defendants' Motion to Stay Discovery (Doc. 50) is **GRANTED** until resolution of the pending motions to dismiss.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of October, 2010.

                                    *Monte C. Richardson*
                                  MONTE C. RICHARDSON
                          UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party